Bay, Appellant, vs. Roos, Respondent.

*September 10—October 5, 1954.*

For the appellant there were briefs by *Gerold & Huiras* of Port Washington, and oral argument by *Ralph J. Huiras.*

For the respondent there were briefs by *Schanen, Schanen & Pauly* of Port Washington, and oral argument by *Erwin N. Pauly.*

Brown, J.    In 1940 Roos entered into a contract with Schowalter whereby the latter agreed to sell him certain land. Roos began the construction of a tavern on the property and finished it in about eighteen months.    In about two years Roos completed his contract payments but did not ask for, and was not given, a deed.    While the tavern was being built, Agnes Bay came to live with Roos, bringing her small daughter, and remained there five or six years.    She received no wages but had the support of herself and her daughter

from the tavern receipts. She did the housekeeping and gave some help to the business. Roos and Miss Bay occasionally talked of getting married but nothing came of it. Many people assumed that they were married.

In 1948 Schowalter determined to give Roos the deed to which Roos was entitled but which he had not asked for. Schowalter directed Attorney Paulin to prepare the deed. Paulin called up the tavern and talked to Miss Bay. She directed him to list the grantees as Francis Roos and Agnes, his wife, and Paulin did so. She had no authority to give such a direction and Paulin had none to act upon it. Paulin then took the deed to Schowalter and had it executed, after which he and Schowalter took the deed, abstract, and perhaps some other papers to the tavern. Miss Bay was there and she called Roos in from the garage. Up to this point the facts are not in dispute.

Paulin and Miss Bay testified that Roos looked at the deed for an appreciable time and said that it was all right. Roos testified that the papers remained in a bundle on the bar and he never examined any of them. Schowalter says that he did not see Roos look at the deed. The trial court found that Roos did not see the deed but had an opportunity to do so. When Paulin left the tavern, although he had no instructions from Roos, he took the deed with him and recorded it, after which he delivered it to *Schowalter,* who kept it until this litigation was started two years afterward. Then he delivered it to Roos' attorneys at their request.

After January, 1948, Miss Bay showed increasing dissatisfaction with the conditions of her life and went out frequently, staying away late nights. In August, 1949, she left Roos' home permanently and soon after married someone else. Before she left she remarked to a woman who was a witness at the trial, "Won't he [Francis] be surprised when he finds out about the deed—about my name being on the

deed." She made other remarks indicating that she would strip Roos of all his possessions.

A week after Miss Bay left Roos she started this action for partition of the property. Roos testified that until then he did not know the deed contained her name. He counterclaimed, alleging that her designation as grantee was procured by her fraud and deceit, and demanding reformation. The trial court sustained his contention and reformed the deed by striking Miss Bay's name from it. She has appealed.

Although the questions to be resolved are primarily ones of fact, appellant has neglected to furnish an appendix containing an abridgment of the testimony on which she relies. The only important fact really disputed is whether or not, when Paulin brought the deed to the tavern in January, 1948, Roos examined it and accepted it with knowledge that Miss Bay was one of the grantees. The evidence of examination is conflicting and there is more than enough to sustain the trial court's finding that Roos did not know of the presence in it of Miss Bay's name. The deed was not left with Roos in the usual way but was carried off and he had no opportunity to examine it afterward or to be charged with knowledge of what was in it. It is undisputed that Miss Bay's direction that the deed should run to her was unauthorized and was unknown to Roos at the time, and the evidence also shows that Miss Bay knew that Roos remained ignorant of the presence of her name in the instrument.

Appellant's contention seems to be that, because Roos did not find out for about two years what she had done, she has acquired title. No parties are involved here except the wrongdoer and the person wronged, and neither of them has changed position in reliance on the deed nor on what it purports to convey. We find no difficulty in sustaining the trial court's conclusion that Miss Bay got her name into this conveyance by the practice of fraud and deceit upon Roos. Its

judgment denying the demand of the complaint for partition and granting respondent's prayer for relief by reforming the conveyance must be affirmed.

*By the Court.*—Judgment affirmed.